UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-22353-Civ-Cooke/Bandstra

RODNEY SCHATT,

      Plaintiff,
vs.

AVENTURA LIMOUSINE &
TRANSPORTATION SERVICE, INC., *et al.*

      Defendants.
_____/

**ORDER GRANTING DEFENDANTS' MOTION TO
COMPEL ARBITRATION AND STAY PROCEEDINGS**

THIS CAUSE is before me on Defendants' Motion to Compel Arbitration [ECF No. 15], Plaintiff's Response in Opposition [ECF No. 21], Defendants' Reply thereto [ECF No. 26], and Defendants' Motion to Stay Order of Requirements in FLSA Based Cases [ECF No. 16]. For the reasons explained below, Defendants' Motion to Compel Arbitration and Motion to Stay are granted.

*I. BACKGROUND*

On or about September 2, 2003, Plaintiff entered into an Independent Contractor Application and Agreement (the "Agreement") with Defendant Aventura Limousine & Transportation Service, Inc. ("Aventura"). [ECF No. 4-1]. Pursuant to the terms of the Agreement, Plaintiff was an "independently established business" and worked for Aventura as an "independent contractor." [*Id.* ¶¶ 1-3]. On December 10, 2008, the parties executed an addendum to the Agreement (the "Addendum") for the purpose of specifying the governing procedure for adjudicating disputes. [ECF No. 4-1]. Specifically, the parties agreed that "any dispute, claim or controversy arising out of or relating to this Agreement … or any other matter

regarding the legal relationship between [Aventura and Independent Contractor] … shall be determined by a single arbitrator in proceedings administered by the American Arbitration Association." [*Id.*].

On July 29, 2010, Plaintiff filed an Amended Complaint for recovery of overtime compensation (Count I) and declaration of employee status (Count II) under the Fair Labor Standard Act ("FLSA"). [ECF No. 4]. Defendants now seek to compel Plaintiff to arbitrate whether Plaintiff is entitled to overtime compensation, whether Plaintiff is an "employee" under FLSA, and whether the Agreement and Addendum are enforceable. [ECF No. 15].

## II. LEGAL STANDARD

In reviewing a motion to compel arbitration, a district court should consider three factors: (1) whether a valid agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitrate was waived. *Integrated Sec. Servs. v. Skidata, Inc.*, 609 F. Supp. 2d 1323, 1324 (S.D. Fla. 2009). The court must grant a motion to compel arbitration if it is satisfied that the parties agreed to arbitrate the claims at issue. *Id.*; *see also* 9 U.S.C. § 3 (2010).[1] However, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *United Steelworkers of Am. v. Warrior & Golf Navigation Co.*, 363 U.S. 574, 582 (1960).

---

[1] "If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3.

### III. ANALYSIS

Defendants argue that Plaintiff should be compelled to arbitrate because a valid and enforceable arbitration agreement exists between the parties. It is well settled that parties may contract in advance to select the forum in which their disputes will be adjudicated. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12-14 (1972). The arbitration of FLSA claims is not precluded. *See, e.g.*, *Montes v. Shearson Lehman Bros., Inc.*, 128 F.3d 1456 (11th Cir. 1997) (remanding FLSA claim to new arbitration panel). Indeed, the Federal Arbitration Act creates a strong federal policy in favor of arbitration. 9 U.S.C. § 3; *Musnick v. King Motor Co. of Fort Lauderdale*, 325 F.3d 1255, 1258 (11th Cir. 2003). Any doubt regarding the application of an arbitration clause is typically resolved in favor of arbitration. *Rodriguez de Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477, 479-80 (1989).

An arbitration agreement should be enforced unless a strong showing is made that enforcement would be unreasonable and unjust or that the clause was invalid for such reasons as fraud or overreaching. *P&S Bus. Machs., Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003). A court should not compel a party to arbitrate absent a mutual agreement to do so. *See Volt Inco. Scis. v. Bd. of Trs. of the Leland Stanford Junior Univ.*, 789 U.S. 468, 479 (1989) ("Arbitration under the [FAA] is a matter of consent, not coercion.").

#### A. Validity of the Arbitration Agreement

The "validity of an arbitration agreement is generally governed by the Federal Arbitration Act." *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1367 (11th Cir. 2005). Under the Federal Arbitration Act, a written agreement to arbitrate is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. A party will be compelled to arbitrate upon a showing that (1) the plaintiff entered into a

written arbitration agreement that is enforceable "under ordinary state law" contract principles, and (2) the claims before the court fall within the scope of that agreement. *See* 9 U.S.C. §§ 2-4. Therefore, "generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements." *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 686-87 (1996); *Dale v. Comcast Corp.*, 498 F.3d 1216, 1219 (11th Cir. 2007).

Plaintiff argues that the arbitration clause is unenforceable because it is unconscionable. In order to invalidate a contract under Florida law, a party must show that a contract is both procedurally and substantively unconscionable. *Golden v. Mobil Oil Corp.*, 882 F.2d 490, 493 (11th Cir. 1989); *Murphy v. Courtesy Ford, LLC*, 944 So. 2d 1131, 1134 (Fla. Dist. Ct. App. 2006). Procedural unconscionability "relates to the manner in which the contract was entered and it involves consideration of such issues as the relative bargaining power of the parties and their ability to know and understand the disputed contract terms." *Powertel Inc. v. Bexley*, 743 So. 2d 570, 574 (Fla. Dist. Ct. App. 1999). "Substantive unconscionability exists when the terms of [a] contractual provision are unreasonable and unfair." *Golden v. Mobil Oil Corp.*, 882 F.2d 490, 493 (11th Cir. 1989) (citations omitted).

*1. Procedural Unconscionability*

To determine whether a contract is procedurally unconscionable, a court must look to: (1) the manner in which the contract was entered into; (2) the relative bargaining power of the parties and whether the complaining party had a meaningful choice at the time the contract was entered into; (3) whether the terms were merely presented on a "take-it-or-leave-it" basis; and (4) the complaining party's ability and opportunity to understand the disputed terms of the contract. *Pendergast v. Sprint Nextel Corp.*, 592 F.3d 1119, 1135 (11th Cir. 2010).

Plaintiff argues that the Agreement and Addendum are procedurally unconscionable because there was disparity in the bargaining power and sophistication of the parties. [ECF No. 21 at 7]. However, "'[m]ere inequality in bargaining power . . . is not a sufficient reason to hold that arbitration agreements are [unenforceable].'" *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1378 (11th Cir. 2005) (quoting *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 32-33 (1991)). Even if the Agreement was presented on a "take it or leave it" basis, as Plaintiff suggests, Plaintiff has failed to show that he lacked employment alternatives in the event that he chose to "leave it." *See Bhim v. Rent-A-Center, Inc.*, 655 F. Supp. 2d 1307, 1315 (S.D. Fla. 2009).

The Addendum states: "IC acknowledges that ALS has provided an appropriate opportunity to review this Addendum an/or seek the advice of counsel prior to is execution, and IC has freely and independently determined that the terms and conditions contained therein are agreeable and in its best interest." Upon review of the terms and conditions of the Agreement, it is apparent that if Plaintiff had read the terms and conditions he would have, at a minimum, noticed the alternative dispute clause. The arbitration clause is not procedurally unconscionable because Plaintiff had a meaningful choice in determining whether he would subject himself to arbitration in the event of a dispute between the parties.

*2. Substantive Unconscionability*

A FLSA plaintiff has the right to recover a reasonable attorney's fee for the successful recovery of unpaid wages. 29 U.S.C. § 216(b). However, the Agreement provides that "[e]ach party shall bear its own costs, including attorney's fees, in any arbitration." Plaintiff alleges that the presence of a fee and cost waiver renders the arbitration clause substantively unconscionable, and thus unenforceable.

5

Under Florida law, "[s]ubstantive unconscionability focuses 'directly on those terms of the contract itself which amount to an outrageous degree of unfairness to the same contracting party." *Pendergast*, 592 F.3d at 1139. (quoting *Steinhardt v. Rudolph*, 422 So. 2d 884, 889 (Fla. Dist. Ct. App. 1982)). By the terms of the arbitration clause, Plaintiff would be forced to cover his own attorney's fees even if he were successful. The terms of an arbitration clause must be "fully consistent with the purposes underlying any statutory claims subject to arbitration." *Paladino v. Avnet Computer Techs., Inc.*, 134 F.3d 1054, 1059 (11th Cir. 1998). "However, where the offending provision can be severed, it will not infect the whole agreement." *Id.* (citing *Frankenmuth Mut. Ins. Co. v. Escambia Cnty.. Fla.*, 289 F.3d 723, 728 (11th Cir. 2002)).

The Parties have agreed that "[s]hould any part of this Agreement be held unenforceable for any reason, the surviving portions shall remain in full force and effect." [ECF No. 4-3 ¶ 10]. It is clear that Plaintiff cannot be found to have waived his right to recover his attorney's fees. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). Thus, the provision regarding attorney's fees is unenforceable as applied to this FLSA proceeding. Should Plaintiff be a prevailing party, he is entitled to recover a reasonable attorney's fee. *See* 28 U.S.C. § 216(b). In light of the lack of procedural unconsionability, the arbitration clause is valid and will be enforced.

**B. Arbitrable Issues**

The determination of whether an arbitration clause requires arbitration of a particular dispute relies on the intent of the parties. *Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 636 (Fla. 1999). Arbitration clauses that include all claims "arising out of" the subject matter of a contract have been considered to be narrow in scope. *Id.* On the other hand, the phrase "arising out of or relating to" the contract has been interpreted broadly as to encompass virtually all disputes

6

between contracting parties. *Id.* at 637. Even with the broad arbitration provisions, however, the determination of whether a particular claim must be submitted to arbitration will depend upon the existence of some nexus between the dispute and the contract containing the arbitration agreement. *Id.* at 638.

The arbitration clause requires the parties to arbitrate "any dispute, claim or controversy arising out of or relating to" the Agreement. Plaintiff alleges that the Agreement does not establish him as an independent contractor, and, as a result, he is an employee entitled to protection under the FSLA. Further, the compensation to which Plaintiff alleges he is entitled to is governed by the provision of the Agreement. [*See* ECF No. 4-3]. It is evident that there is a sufficient nexus between the FSLA claims and the Agreement containing the arbitration clause. Arbitrable issues consequently exist. Accordingly, the stay of litigation is mandatory. *See Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987).

### C. Waiver of the Right to Arbitrate

The right to arbitration, like any other contractual right, can be waived. A waiver of the right to arbitration is appropriate where the court finds, after reviewing the "totality of the circumstances," that a party "has acted inconsistently with the arbitration right." *See S & H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F.2d 1507, 1514 (11th Cir. 1990). Waiver will occur whenever a party seeking arbitration "substantially participated in litigation to a point inconsistent with an intent to arbitrate and this participation results in prejudice to the opposing party." *Morewitz v. W. of Eng. Ship Owners Mut. Prot. & Idemn. Ass'n*, 62 F.3d 1356, 1366 (11th Cir. 1995). "Prejudice has been found in situations where the party seeking arbitration allows the opposing party to undergo the types of litigation expenses that arbitration was designed to alleviate." *Id.* (citations omitted).

Reviewing the "totality of the circumstances" here, it is apparent that Defendants have not waived their right to compel arbitration. Plaintiff filed his Amended Complaint on July 29, 2010. Defendants filed their Motion to Compel Arbitration on August 30, 2010. Defendants have not yet filed an answer. Defendants have not waived their right to arbitration as Defendants have taken no action prior to filing their Motion to Stay and Motion to Compel Arbitration, and therefore have not participated in litigation to a point inconsistent with arbitration.

### *IV. CONCLUSION*

For the foregoing reasons, it is **ORDERED and ADJUDGED** that:

1. The Defendants' Motions to Compel Arbitration and Stay [ECF Nos. 15, 16] are **GRANTED,** and this action shall be arbitrated according to the terms of the arbitration agreement.

2. The Clerk shall **CLOSE** this case.

3. All pending motions, if any, are **DENIED** as moot.

**DONE and ORDERED** in Chambers, in Miami, Florida, this 30th day of November 2010.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of Record*